## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MANUEL BASTTIDAS,　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　　Petitioner,　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　　）　Case No. CIV-26-979-SLP
　　　　　　　　　　　　　　　　　　）
MARKWAYNE MULLIN, et al.,　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　　Respondents.　　　　　　　　）

## **O R D E R**

Petitioner, Manuel Basttidas, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1].  Before the Court is the Report and Recommendation [Doc. No. 9] (R&R) of United States Magistrate Judge Chris M. Stephens.  The Magistrate Judge recommends granting the Petition.  Respondents have filed an Objection, [Doc. No. 10], Petitioner has filed a Response, [Doc. No. 11], and the matter is at issue.  The Court reviews de novo any portion of the R&R to which a specific objection has been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Review of all other issues addressed by the Magistrate Judge are deemed waived.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R, to the extent it analyzes Petitioner's statutory claim, and GRANTS, in part, the Petition.

## I.    <u>Background</u>

Petitioner, a citizen of Venezuela, entered the United States on December 26, 2023, without inspection or parole near Eagle Pass, Texas.  On December 28, 2023, Petitioner was placed by Immigration and Customs Enforcement (ICE) into removal proceedings through the issuance of a Notice to Appear, charging him as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA).  At some later point, Petitioner may have been released from ICE custody on his own recognizance.[1]  On September 10, 2024, Petitioner filed an application for asylum which remains pending.

On March 18, 2026, ICE re-detained Petitioner at his scheduled check-in.  When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.

On May 1, 2026, Petitioner filed this action, claiming a violation of his Due Process rights.  Additionally, Petitioner claims two violations of the INA.  First, Petitioner alleges that his warrantless arrest violates the INA.[2]  Second, Petitioner alleges that his continued detention without an individualized bond hearing violates 8 U.S.C. § 1226(a).  As relief, Petitioner asks the Court to "order [his] immediate release through an Order of Supervision, a bond hearing, or an alternative."  Pet. [Doc. No. 1] at 8.  Respondents object to the R&R

---

[1] The Magistrate Judge noted that he "presumes Petitioner was released on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226." R&R [Doc. No. 9] at 2.  As such, the Magistrate Judge's finding does not impact the analysis and ultimate disposition of this Order.

[2] To the extent Petitioner alleges he was arrested without a warrant, Respondents included with their Objection to the R&R a copy of the warrant for Petitioner's arrest dated March 18, 2026. Resp. Obj. [Doc. No. 10-1] (Arrest Warrant).

asking the Court to limit any ruling to "ordering a bond hearing within seven days." Resp. Obj. [Doc. No. 10] at 1-2.

## II.      **Discussion**

The Court concurs with the Magistrate Judge's findings that § 1226(a) governs Petitioner's detention and rejects Respondents' interpretation of §§ 1226(a) and 1225(b)(2)(A).  Under Tenth Circuit law, § 1226(a) governs the detention of immigration detainees who are similarly situated to Petitioner.  *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026) (holding that "§ 1225(b)(2)(A)'s application is limited to the border").[3]  *See also* Resp. Obj. [Doc. No. 10] ("Although Respondents contend that Petitioner is held pursuant to 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing, the Tenth Circuit's *Quiroz* decision compels a different outcome.")  The Court, therefore, finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to

---

[3] The majority of Circuit Courts, including "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior."  *Id*. at 1235 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258 (11th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if he has not received a proper bond hearing within that period.[4]

A separate judgment shall be entered.

IT IS SO ORDERED this 12th day of August, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address his remaining claims.